**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RONALD J. HOLLEMAN, 297567,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:09-CV-1702-K** |
| | ) | |
| **RICK THALER, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

### I.  Background

Petitioner was convicted of burglary of a habitation with intent to commit sexual abuse in

the 203rd Judicial District Court of Dallas County, Texas, Cause No. F-79-5238-JP.  Petitioner

does not challenge his conviction or sentence.  Instead, he challenges prison disciplinary case

number 20080269170.

On June 6, 2008, Petitioner was notified that he was being charged with: (1) threatening

to inflict harm on an officer, a Level 1, Code 4 violation of TDCJ-CID disciplinary rules and

procedures; and (2) failure to obey an order, a Level 2, Code 24 violation.  He was found guilty

of the charges on July 2, 2008, and punishment was assessed as: (1) forty-five days loss of

commissary privileges; and (2) forty-five days loss of recreation privileges.

On July 17, 2008, Petitioner submitted a Step 1 grievance, appealing the disciplinary case number.  This grievance was denied on July 28, 2008.  On July 30, 2008, Petitioner filed a Step 2 grievance.  The grievance was denied on August 26, 2008.

Petitioner filed the instant petition on September 4, 2009.  Petitioner alleges that: (1) he was denied the opportunity to confront the charging officer; (2) he was denied the opportunity to call witnesses; and (3) the evidence introduced was insufficient to establish guilt.

On November 24, 2009, Respondent filed his answer arguing, *inter alia*, that the petition is time-barred.  On December 17, 2009, Petitioner filed a reply.  The Court now determines the petition is barred by limitations and should be dismissed.

## II.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).  In cases involving prison disciplinary proceedings, the limitations period begins to run when the prisoner discovers, or could have discovered through the exercise of due diligence, the factual predicate of his claims.  28 U.S.C. § 2244(d)(1)(D)[1] ; *see also Kimbrell v. Cockrell*, 311 F.3d

---

[1]The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

361, 363 (5ᵗʰ Cir. 2002). This period is tolled during the pendency of any prison grievance

proceedings and a properly filed motion for state post-conviction relief or other collateral review

is pending. 28 U.S.C. § 2244(d)(2); *Kimbrell*, 311 F.3d at 364.

On July 2, 2008, Petitioner was notified that he was found guilty of the disciplinary

charges. Petitioner then had one year, or until July 2, 2009, to file his federal habeas petition.

On July 17, 2008, Petitioner filed a Step 1 grievance. This grievance tolled the limitations

period for twelve days, until it was denied on July 28, 2008. On July 31, 2008, Petitioner filed a

Step 2 grievance. This grievance tolled the limitations period for twenty-seven days, until it was

denied on August 26, 2008. When twelve days and twenty-seven days are added to the July 2,

2009, limitations date, Petitioner's new deadline became August 10, 2009. Petitioner did not file

his federal petition until September 4, 2009. His petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional

cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

---

(B)    the date on which the impediment to filing an
application created by State action in violation of the
Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted
was initially recognized by the Supreme Court, if the right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence.

28 U.S.C. § 2244(d)(1)

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify

equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable

tolling applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96

F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to

equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling from the time he placed his federal

petition in the prison mail system until it was docketed by the Court.  The Court, however, has

already determined that the filing date of Petitioner's federal petition is September 4, 2009,

which is the date he wrote on the petition before delivering it to prison officials for mailing.

Petitioner therefore has already received the benefit of the prison "mailbox rule."

Petitioner also argues that he appealed the Step 2 grievance by filing an appeal with the

Discipline Coordinator.  He attaches a prison handout which he states supports his claim that he

was still pursuing his administrative remedies after the Step 2 grievance was denied.  The

attachment, however, states that: "Decisions rendered at Step 2 of the grievance review are

final."  (Attachment at 9.)  Although Petitioner argues he could file for a "correction" after Step

2, Petitioner was not seeking a correction, but was seeking to overturn the grievance decision.

Further, the handout shows that the Warden may request a correction, but it does not show that a

prisoner may file for a correction.  (*Id*. at 10.)  Petitioner has failed to show rare and exceptional

circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -4-

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 13th  day of March, 2012.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).